### No. 250
### BROWN v. RUSSELL, et
Ohio Appeals, 6th Dist., Lucas Co.
No. 1456. Decided Jan. 12, 1925.

TAXATION—Taxes on real estate sold at delinquent tax sale, and in which individual had undivided share, cannot be paid out of his personal estate to satisfy those charged against his co-owners.

RICHARDS, J.

#### Epitomized Opinion
Published only in Ohio Law Abstract

The original action was commenced in the Lucas Common Pleas by Clara Brown against Charles Russell, the executor of the will of Noah Swayne, for the purpose of recovering $879.25 paid by Brown on a delinquent tax sale of certain real property. The trial resulted in a judgment in favor of Russell. In the course of the trial Brown introduced in evidence the record of a prior action which showed that she endeavored to recover $449.97 with interest from Swayne and others, for land which she claimed was based upon an invalid contract.

Swayne, living at that time, filed an answer in which he set forth an itemized statement of the taxes and assessments which remained unpaid and resulted in the delinquent tax sale of the property. The statement showed that most of the proceeds of the delinquent tax sale was for assessments on a sidewalk and paving of streets; a small part being for taxes. The trial court in that case found that there was due Brown the amount claimed by her, and there was due to a cross-petitioner $284.28, and the court ordered a sale of the premises, the claims to be paid in order of their priority. That judgment was affirmed by the court of appeals, and because of failure to realize her claim on the sale in the former action, Brown brought this action in Common Pleas. Judgment in which action in the Lucas Common Pleas was in favor of Russell, Executor. On error being prosecuted, the Court of Appeals held:

1. Sec. 3898 GC. authorizes a civil action for the purpose of recovering unpaid asessments, but it has this limitation. "The owner, however, shall not be liable under any circumstances beyond his interest in the property as-

sessed, at the time of the passage of the ordinance or resolution to improve."

2. It would be a great injustice if one who was the owner of an undivided interest in real estate, the entire property being taken for payment of taxes and assessments, should still remain personally liable beyond the value of the property, for other taxes and assessments and these too, which were charged not only against his interest, but against the interest of his co-owners.

Attorneys—Rhoades & Rhoades for Brown; Tyler, Northup, McMahon & Smith, for Russell; all of Toledo.

### No. 251
### ROBISON v. LECHOT
Ohio Appeals, 9th Dist., Wayne Co.
No. 776. Decided Dec. 9, 1924.

829. NEGLIGENCE—

1. Wilful negligence alleged must be clearly proved.

2. When no evidence of wilful negligence appears, court must direct verdict.

3. Wilful negligence will not be inferred when acts can be attributed to negligence or inattention.

WASHBURN, J.

#### Epitomized Opinion
Published only in Ohio Law Abstract

Maude Robison brought an action for the wrongful death of her son, Atlee Robison, who was 17 years of age. The deceased boy, with the knowledge and consent of Lechot, attached his hand sled to the rear spring of the automobile by a rope about 12 feet long. The plaintiff claimed the driver drove his car at a dangerous rate of speed and wilfully injured him. At the close of plaintiff's case the trial court directed a verdict for defendant. In affirming the judgment, the court of appeals held:

1. As the action was based upon a wilful tort it was necessary for the plaintiff to present evidence tending to prove a wilful tort, which necessarily included knowledge on the part of the defendant that the sled on the part of the boy was attached to his automobile, for without the element of defendant's knowledge of the danger of the boy, or of such conscous indifference to consequences as would be the equivalent of wilful and intentional injury, there would be no recovery.

2. As there was no evidence of wilful negligence, the trial court committed no error in directing a verdict.

3. A wilful injury will not be inferred when the result may be reasonably attributed to negligence or inattention.

Attorneys—Jos. Fritz and K. E. Hoover, for Robison; T. W. Orr and A. D. Metz, for Lechot.